UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BELINDA MYLES and KESHUNDA MILLBROOK, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| ANGELS ACADEMY, LLC, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## **COMPLAINT**

COME NOW the Plaintiffs Belinda Myles ("Myles") and Keshunda Millbrook ("Millbrook") (collectively "Plaintiffs"), by and through undersigned counsel, and hereby file this Complaint showing the Court as follows:

## **NATURE OF THE ACTION**

1.      Plaintiffs bring this lawsuit against Defendant Angels Academy, LLC, ("Angels Academy" or "Defendant") to recover overtime pay, liquidated damages, prejudgment interest, costs, and attorney's fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

1

2.     Defendant willfully violated the FLSA by failing to pay Plaintiffs for all overtime hours worked at a rate of time and one-half the required regular rate -- inclusive of all compensation not excludable from the regular rate calculation under applicable law -- for all hours worked above 40 in a work week, and failing to pay Plaintiffs all overtime compensation owed on a timely basis.

## PARTIES

3.      Plaintiff Myles is an adult individual and a resident of Georgia who worked for Defendant under the job title of Office Manager beginning on or about July 8, 2013, and continuing until her employment ended on or about February 10, 2014 (Myles's "relevant period").

4.     Plaintiff Millbrook is an adult individual and a resident of Georgia who worked for Defendant under the title of Office Manager beginning on or about September 9, 2013 and continuing until her employment ended on or about April 21, 2014 (Millbrook's "relevant period").

5.     As reflected in the corporate filings contained on the Georgia Secretary of State's website, Defendant is a Georgia for-profit corporation and may be served with process through its registered agent, Roderick Dewayne Coleman,

at 5845 Campbellton Road, Atlanta, Georgia 30331, located within this judicial district.

## JURISDICTION AND VENUE

6.      Pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has original jurisdiction over the claims set forth in this Complaint which arise under the FLSA.

7.      Plaintiffs were employed by Defendant in this judicial district, Defendant resides and does business in this judicial district, and venue is therefore proper in this Court.

8.      Plaintiffs were "employees" during their employment with Defendant as defined by the FLSA.

9.      Plaintiffs were entitled to the protections of the FLSA as employees pursuant to 29 U.S.C. §§ 203(e) & 207(a).

10.     Defendant was at all times during the relevant periods and thereafter an employer or enterprise engaged in commerce and therefore subject to the FLSA under 29 U.S.C. § 203(b)&(d).

11.     Plaintiffs were at all times during the relevant periods individually engaged in commerce on a regular and recurring basis during their employment

with Defendant, and Plaintiffs engaged in interstate commerce for Defendant by, for example without limitation, processing credit card payments and mailing tuition statements to students' parents and grandparents who lived in other states.

12.     Defendant was, at all times during the relevant periods in this Complaint and thereafter, an enterprise engaged in commerce for purposes of the FLSA, having employees engaged in commerce, and/or having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and has (and had during the relevant periods) annual gross revenues in excess of $500,000.

13.     Plaintiffs were covered by the maximum hours provisions of the FLSA throughout their employment with Defendant as employees "engaged in commerce" as defined by Section 7 of the FLSA.

14.     Jurisdiction and venue are proper in this action.

## FACTS

15.     Each of the following allegations pertains and applies to Plaintiffs throughout all or a substantial part of the relevant periods.

16.     At all times during the relevant periods, Defendant employed Plaintiffs.

4

17.   At all times during Plaintiff Myles's relevant period, Defendant paid Plaintiff Myles a weekly salary of $420.

18.   From the beginning of her employment with Defendant, approximately September 9, 2013, until approximately March 16, 2014, Defendant paid Plaintiff Millbrook a weekly salary of $420.

19.   Upon information and belief, prior to Plaintiffs' employment with Defendant, Defendant paid the position of Office Manager on an hourly basis and paid overtime wages at a rate of one and one-half the hourly rate.

20.   Upon information and belief, the job duties of the Office Manager position when Defendant paid by the hour were identical or substantially similar to the job duties of the Office Manager position when Defendant paid by salary.

21.   In or about the pay period beginning March 17, 2013 and ending March 30, 2014, Defendant began paying Plaintiff Millbrook by the hour.

22.   At the time Plaintiff Millbrook requested a raise, Defendant's Human Resources Representative informed Plaintiff Millbrook that the Office Manager position had been changed to a salaried position because a previous Office Manager who was paid by the hour was being paid for "too many" overtime hours.

23.    In or about the pay period beginning March 17, 2013 and ending March 30, 2014, Defendant began paying Plaintiff Millbrook overtime wages at a rate one and one-half her hourly rate, which was calculated by dividing her weekly salary of $420 by 40 hours, for an hourly rate of $10.50.

24.    At all times during the relevant periods, Defendant suffered or permitted Plaintiffs to work in excess of 40 hours per work week during the relevant periods but did not pay Plaintiffs at time and a half their applicable regular rate as defined by the FLSA for all hours worked over forty in a work week as required by the FLSA.

25.    By way of non-exhaustive example, on or about November 1, 2013 and on or about November 4, 2014, Defendant required Plaintiff Myles to cover a shift for Defendant's Cook position from approximately 6:15 am until approximately 1:00 pm, and then complete her regular shift as Office Manager from approximately 3:00 pm until approximately 7:00 pm.  Thus, for the pay week ending November 3, 2013, Plaintiff Myles worked approximately 45 hours and did not receive overtime wages for the approximately 5 hours worked in excess of her 40 hour work week, and during the pay week ending November 10, 2013, Plaintiff

Myles worked approximately 45 hours and did not receive overtime wages for the approximately 5 hours worked in excess of her 40 hour work week.

26.    By way of non-exhaustive example, in or about the week of October 21, 2013, Defendant required Plaintiff Millbrook to stay late to assist with Defendant's fall festival, and Plaintiff Millbrook therefore worked approximately 45.5 hours in that work week, but did not receive overtime wages for the approximately 5.5 hours worked in excess of 40 hours during that work week.

27.    Defendant was aware prior to and during the relevant periods that the FLSA applied to Plaintiffs during their work for Defendant.

28.    Defendant knew and/or should have known that Plaintiffs were covered by the maximum hour and overtime payment requirements of the FLSA.

29.    At all times during the relevant periods, in addition to their regular weekly pay (referred to by Defendant as a "salary"), Plaintiffs were eligible to receive, and did in fact receive, bonuses and other compensation which caused their weekly pay amounts to vary based on whether a bonus or other compensation was paid for that week and/or the amount thereof.

30.    By way of non-exhaustive example, under Plaintiff Myles's pay arrangement with Defendant, Plaintiff Myles received bonuses in the amount of

7

$200 during the pay period beginning on or about September 30, 2013 and ending on or about October 13, 2013, and $88.75 during the pay period beginning on or about January 6, 2014 and ending on or about January 19, 2014.

31.     By way of non-exhaustive example, under Plaintiff Millbrook's pay arrangement with Defendant, Plaintiff Millbrook received bonuses in the amount of $125 during the pay period beginning on or about January 6, 2014 and ending on or about January 19, 2014, and $187.50 during the pay period beginning on or about March 31, 2014 and ending on or about April 13, 2014.

32.     The bonuses paid to Plaintiffs were non-discretionary.

33.     Upon information and belief, Defendant has failed to keep all records required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of Plaintiffs for the time period required by law.

<u>COUNT ONE</u>

**FAIR LABOR STANDARDS ACT-- OVERTIME**

34.     All previous paragraphs are incorporated as though fully set forth herein.

35.    Plaintiffs were employees entitled to the overtime compensation required by the FLSA throughout their work for Defendant during the relevant periods.

36.    On numerous occasions during the relevant periods, Defendant suffered or permitted Plaintiffs to work more than 40 hours in a work week without receiving overtime compensation at time-and-a-half their properly calculated regular rate for hours worked over 40 under the FLSA -- i.e., their regular rate inclusive of their base rate for non-overtime hours and all other compensation (including bonuses) not otherwise excludable under 29 U.S.C. § 207(e) ("regular rate").

37.    As a result of Defendant's failure to compensate Plaintiffs at a rate not less than one and one-half times the required regular rate of pay for work performed in excess of forty hours in a workweek, Defendant violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

38.    Defendant's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

39.    Plaintiffs are entitled to a judgment awarding recovery of their back overtime pay at the rate of one and a half times their applicable regular rate, in

addition to an equivalent amount as liquidated damages, prejudgment interest, attorney's fees, and costs pursuant to 28 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court enter a judgment against Angels Academy in favor of Plaintiffs finding violations of the FLSA and awarding the following relief:

1.     Order Defendant to pay Plaintiffs their unpaid back overtime pay at time-and-a-half their applicable regular rates for all hours worked over 40 in a work week during the relevant periods, and an equivalent amount as liquidated damages (or prejudgment interest if liquidated damages are not awarded in full);

2.     Order Defendant to pay Plaintiffs their costs and attorney's fees; and

3.     Grant such further relief as the Court finds just and proper in this action.

PLAINTIFFS DEMAND A TRIAL BY A JURY OF TWELVE PERSONS.

Respectfully submitted this 25th day of April, 2014.


*/s/ C. Andrew Head*____
C. Andrew Head

10

Georgia Bar No. 341472
Jerilyn E. Gardner
Georgia Bar No. 139779
Attorneys for Plaintiff
FRIED & BONDER, LLC
White Provision, Suite 305
1170 Howell Mill Road, N.W.
Atlanta, Georgia 30318
Telephone: (404) 995-8808
Facsimile: (404) 995-8899
Email: ahead@friedbonder.com
        jgardner@friedbonder.com

*Attorneys for Plaintiffs*

11