# SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (the "Agreement") is made by Angels Academy, LLC and its officers, employees, agents, directors, representatives, successors, assigns, and shareholders ("Defendant"), and by Belinda Myles ("Myles") and Keshunda Millbrook ("Millbrook"), (collectively "Plaintiffs"), regarding their claims for unpaid overtime wages under the Fair Labor Standards Act ("FLSA") (the "claims").

This Agreement is made as a compromise between Plaintiffs and Defendant (collectively, the "Parties") for the complete and final settlement of their claims, differences and causes of actions raised by Plaintiffs.

## RECITALS

WHEREAS, Plaintiffs filed suit against Defendant asserting their claims at issue in this Agreement in the case styled *Myles v. Angels Academy, LLC,* Case No. 1:14-cv-1250-ODE, U.S. District Court for the Northern District of Georgia (the "Litigation").

WHEREAS, Defendant denies Plaintiffs' allegations regarding their claims.

WHEREAS, on June 25, 2014, the Parties arrived at an agreement to settle their claims.

WHEREAS, Defendant denies, and continue to deny, the allegations in the Litigation and all liability and damages of any kind to anyone with respect to the alleged facts or causes of action asserted in Plaintiffs' claims; nonetheless, without admitting or conceding any liability or damages, and to avoid the burden, expense and uncertainty of litigation, the Parties have agreed to settle Plaintiffs' claims on the terms and conditions set forth in this Agreement.

WHEREAS, the Parties recognize the outcome in the Litigation would be uncertain and achieving a final result through litigation would require additional risk, discovery, time and expense.

WHEREAS, counsel have investigated and evaluated the facts and law relating to the claims asserted in Plaintiffs' claims; after balancing the benefits of settlement with the costs, risks, and delay of litigation, Plaintiffs' and Plaintiffs' counsel believe the settlement as provided in this Agreement is in the best interests of Plaintiffs and represents a fair, reasonable, and adequate resolution of their claims.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and other good and valuable consideration set forth below, agree as follows:

## AGREEMENT

A.      **Consideration:** In order to resolve Plaintiffs' FLSA claims, Defendant agrees to pay a total of $12,486.80 (collectively the "Settlement Payment"):

  (i)  $1,633.32 to Myles as overtime wages and liquidated damages;
  (ii)  $866.68 to Millbrook as overtime wages and liquidated damages; and
  (iii)  $9,511.80 to Plaintiffs' counsel for attorney's fees and $475.00 in costs.

**B.**  **Settlement Payment and Taxes:**

  1.  One-half of the settlement amount to Myles for overtime claims in Section (A)(i) (i.e., $816.66) shall be allocated to settlement of Myles's claim for alleged unpaid overtime wages (the "W-2 payment"), and the remaining one-half of the settlement amount to Myles for overtime claims in Section (A)(i) (i.e., $816.66) shall be allocated to settlement of Myles's claim for alleged unpaid liquidated damages, which shall be paid separately without any deduction for any taxes or other withholdings, in non-employment income reported in Box #3 on IRS Form 1099-MISC (the "1099 payment"). The payments will be made as follows: (i) the W-2 payment shall be paid within ten (10) days of the Court's approval of the Agreement ("Approval Order"), and (ii) the 1099 payment shall be made within ten (10) days of the Court's Approval Order, pursuant to the Parties' motion for approval of settlement to be filed in the Litigation no later than ten (10) days from the date of this Agreement.

  2.  One-half of the settlement amount to Millbrook for overtime claims in Section (A)(ii) (i.e., $433.34) shall be allocated to settlement of Millbrook's claim for alleged unpaid overtime wages (the "W-2 payment"), and the remaining one-half of the settlement amount to Millbrook for overtime claims in Section (A)(ii) (i.e., $433.34) shall be allocated to settlement of Millbrook's claim for alleged unpaid liquidated damages, which shall be paid separately without any deduction for any taxes or other withholdings, in non-employment income reported in Box #3 on IRS Form 1099-MISC (the "1099 payment"). The payments will be made as follows: (i) the W-2 payment shall be paid within ten (10) days of the Court's approval of the Agreement ("Approval Order"), and (ii) the 1099 payment shall be made within ten (10) days of the Court's Approval Order, pursuant to the Parties' motion for approval of settlement to be filed in the Litigation no later than ten (10) days from the date of this Agreement.

  3.  One-half of the payment to Plaintiffs' counsel for attorney's fees and costs pursuant to Section (A)(iii) (i.e., $4,993.40) shall be paid to "Fried & Bonder, LLC" ("Plaintiffs' Counsel") by separate check without any deduction for any taxes or other withholdings (the "1099 fee payment") within ten (10) days of the Approval Order, and the remaining one-half of the payment to Plaintiffs' counsel for attorney's fees and costs pursuant to Section (A)(iii) (i.e., $4,993.40) shall be paid within twenty (20) days of the Approval Order. The 1099 fee payment shall be processed by 1099 issued to Plaintiffs' Counsel using a W-9 for Fried & Bonder, LLC, and reported in Box #14 on IRS Form 1099-MISC. The settlement amounts paid to Plaintiffs' Counsel for fees and costs constitute payment of Plaintiffs' attorneys' fees and costs on all claims under the FLSA and therefore are within the definition of 26 U.S.C. § 62(e)(4) and subject to the provisions of 26 U.S.C. § 62(a)(20) of the Internal Revenue Code.

  4.  Defendant shall be solely responsible for determining, processing, and reporting the amount of tax withholding, if any, required from the W-2 payments made under this Agreement. Plaintiffs are not relying on any information provided by Defendant concerning the tax consequences of payments made under this Agreement. Plaintiffs agree to indemnify and

hold Defendant harmless of and from any claims of Plaintiffs, or third party, including governmental taxing authorities, for income taxes, FICA, or any other taxes of any kind relating to taxes owed by Plaintiffs on the payments set forth in Paragraph (A). In the event the Defendant is required to pay taxes owed by or on behalf of Plaintiffs (but not taxes owed by Defendant as employer's portion of taxes owed to any tax authority by or on behalf of Plaintiffs) arising from the payments specified in Paragraph (A), or related interest, penalties or fines, Plaintiffs shall immediately reimburse Defendant the full amount of such payment or they shall offset that amount against amounts owed to Plaintiffs, but not both. Nothing herein shall operate as a release of Defendant's obligation for the employer's share of FICA and Medicare for the payment in Paragraph A.

     5.    Payment by the dates specified in Subsections 1, 2, and 3 above shall be made by delivery of payment to Plaintiffs' Counsel's office by the date provided in this Agreement.

**C.**    **Mutual Releases:**  In exchange for the payments set forth above, and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs hereby **RELEASE, REMISE, AND FOREVER DISCHARGE** Defendant, its former and current trustees, officers, administrators, agents, attorneys, employees, personally and in their respective capacities, and any other person or entity representing or succeeding to any such person or entity, from any and all claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether known or unknown to him/her which he/she may now have against them, either individually, jointly, or severally, expressly limited to only his/her individual claims under the Fair Labor Standards Act for payment of hours worked up to the date of this Agreement, all liquidated damages that Plaintiffs may be entitled to under the FLSA, all attorney's fees that Plaintiffs may be entitled to under the FLSA, and any other award, recovery, damages or compensation that Plaintiffs may be entitled to under the FLSA, and it is expressly agreed that Plaintiffs are not releasing any other claims in this Agreement, and that this release shall not have res judicata or collateral estoppel effect on any claims not expressly released in this Agreement. Defendant, its directors, officers, administrators, agents, subsidiaries, affiliates, and attorneys, hereby **RELEASE, REMISE, AND FOREVER DISCHARGE** Plaintiffs from any and all claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether known or unknown to them which they may now have against them, either individually, jointly, or severally, based upon acts or facts which have occurred from the beginning of time to the date of this Agreement, arising out of or related to their claims released in this Agreement.

**D.**    **Court Approval:**  Within ten (10) business days of the execution of this Agreement the Parties will file with the Court on the publicly available docket a joint motion for approval of the terms of this Agreement, attaching this Agreement as an exhibit thereto. The Parties will cooperate and take all necessary steps to effect final judicial approval of this Agreement. The Parties expressly agree that the terms of this Agreement are fair and equitable, and to the extent that Plaintiffs' Counsel is required to petition the Court for approval of the reasonableness and amount of its attorneys' fees and costs to be paid under this Agreement, Defendant does not

oppose and agrees not to oppose the amount (or the reasonableness of the amount) of Plaintiffs' attorneys' fees to be paid to Plaintiffs' Counsel out of the total Settlement Payment.

**E.     No Admission of Liability:** The Parties agree and acknowledge this Agreement is the result of a compromise and shall not be construed as an admission of liability, responsibility, or wrongdoing by Defendant.  Defendant denies any liability, responsibility, or wrongdoing as alleged in the claims.

**F.     Severability of Provisions:**  After approval by the Court, as addressed above, if any portion of this Agreement is held to be invalid by operation of law, the remaining terms of this Agreement shall not be affected and shall continue in full force and effect.  If the Court does not approve this Agreement in whole, however, the Parties agree they will attempt, in good faith, to revise this Agreement consistent with the intent of the Parties, as reflected in this Agreement, to resolve the Court's objections and resubmit this Agreement for approval by the Court within ten (10) days of any Order rejecting settlement approval.

**G.     Knowing and Voluntary Waiver:** The Parties acknowledge and agree they had sufficient time to consider this Agreement and consult with legal counsel of their choosing concerning its meaning. When entering into this Agreement, the Parties have not relied on any representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement.

**H.     Choice of Law:** The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Georgia regardless of whether any party is, or may hereafter be, a resident of another state.

**I.      Extension of Time:** The Parties may mutually agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice.

**J.     Amendments/Modifications:** No waiver, modification, or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by all of the Parties.

**K.     Binding Agreement:** This Agreement shall be binding upon, and inure to the benefit of, the Parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

**L.     No Third-Party Beneficiaries:** This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to, any third party as a beneficiary of this Agreement.

**M.     References and Anti-Retaliation:** Defendant is aware of the anti-retaliation provisions of Section 215 of the Fair Labor Standards Act and agrees to comply.  Defendant agrees to respond to any inquiries regarding Plaintiffs by providing only a neutral reference stating their dates of employment, job title, and last rate of pay, and Defendant agrees not to disclose the fact of Litigation or settlement of Plaintiffs' claims in response to any inquiries and will not make any reference to eligibility or ineligibility for rehire.

**N.     Entire Agreement:** This Agreement constitutes the entire agreement of the Parties concerning the subjects included herein.

**O.     Captions:** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience only, and shall have no effect on the construction or interpretation of any part of this Agreement.

**P.     When Agreement Becomes Effective; Counterparts:** This Agreement shall become effective upon its execution and approval by the Court; however, the date of execution by the Parties shall be the effective date of the Agreement for the purposes of determining the end date of the releases contained herein.  The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument.

**Q.     Facsimile Signatures:** Execution by facsimile or signed .pdf delivered by email shall be deemed effective as if executed in original.

**R.     Corporate Signatories:** Each person executing this Agreement, including execution on behalf of the corporate defendant, warrants and represents that such person has the authority to do so.

**S.     Continuing Jurisdiction:**  Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties to this Agreement, for the purpose of the administration and enforcement of this Agreement.

|  |  |
|---|---|
| _____ <br> Belinda Myles <br><br> Date: _____ | ANGELS ACADEMY, LLC <br><br> *[signature]* <br> C. JOHN ELLISON <br> By: CORPORATE BUSINESS DIRECTOR <br><br> Date: 06/27/2014 |
| _____ <br> Keshunda Millbrook <br><br> Date: _____ | |

REVIEWED AND APPROVED AS TO FORM BY COUNSEL:

| *[signature]* | *[signature]* |
|---|---|
| C. Andrew Head <br> Counsel for Plaintiffs <br><br> Date: 7/7/14 | Steven J. Whitehead <br> Counsel for Defendant <br><br> Date: 7/8/2014 |

*Belinda Myles* (signature)
Belinda Myles
Date: 6/28/14

_____
Keshunda Millbrook

Date: _____

ANGELS ACADEMY, LLC

By: _____

Date: _____

REVIEWED AND APPROVED AS TO FORM BY COUNSEL:

_____
C. Andrew Head
Counsel for Plaintiffs

Date: _____

_____
Steven J. Whitehead
Counsel for Defendant

Date: _____

|  | ANGELS ACADEMY, LLC |
|---|---|
| _____ | _____ |
| Belinda Myles | By: |
| Date: _____ | Date: _____ |
| *Keshunda Mill* (signature) | |
| Keshunda Millbrook | |
| Date: 6/30/14 | |

REVIEWED AND APPROVED AS TO FORM BY COUNSEL:

| _____ | _____ |
|---|---|
| C. Andrew Head | Steven J. Whitehead |
| Counsel for Plaintiffs | Counsel for Defendant |
| Date: _____ | Date: _____ |